UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

David E. Bridges, II,
      *Plaintiff,*

      *v.*

Warden Strange, et al.,
      *Defendants.*

Civil No. 3:08cv1353 (JBA)

November 21, 2008

**RULING AND ORDER**

On September 17, 2008, the Court dismissed Plaintiff's complaint and informed him that, if he intended to pursue a claim pursuant to 42 U.S.C. § 1983, he should file a motion to re-open accompanied by an amended complaint. (Initial Rev. Ord. [Doc. # 4] at 5.) Plaintiff timely filed the required documents and has submitted a second motion to re-open accompanied by a proposed second amended complaint.

In considering the motions to reopen, the court reviews the amended complaints and dismisses any portion that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Plaintiff was advised in the court's prior ruling that a *pro se* complaint is adequately pleaded if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65

(2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007), *cert. granted sub nom.*, *Ashcroft v. Iqbal*, 128 S. Ct. 2931 (2008). But "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The Court previously determined that Defendant Reeve, the attorney appointed to represent Plaintiff in several criminal matters, was not a state actor and could not be sued under § 1983 unless Plaintiff could show that Reeve conspired with state actors. The Court noted that Plaintiff had not alleged a claim of conspiracy and explained what type of allegations must be included to state a claim of conspiracy with state actors. (Initial Rev. Ord. at 2–3.) The Court also found that Plaintiff had not clearly identified defendant Boath and determined that, if Defendant Boath were a prosecutor or public defender, all claims against him should be dismissed. (*Id.* at 4.)

Plaintiff has not corrected any of these deficiencies in his amended pleadings. He alleges no facts showing that Reeve conspired with a state actor and no information regarding the identity or alleged actions of Boath. Instead he alleges only "Attorney Richard Reeve's and Attorney Boath, both conspired with the judge and other (it is believed), and court officials to directly violate my state and federal rights to obtain convictions that I, David Earl Bridges Jr., II, is not, and am not guilty of in: no way shape, form, fashion, color, or direction." (1st Am. Compl. [Doc. # 9] at 7.) Plaintiff attaches documents to his first amended complaint. These documents, which include transcripts of the hearing on his

motion to vacate guilty plea and a state habeas hearing, related motions and letters from these proceedings, and documents from the state grievance plaintiff filed against defendant Reeve, do not include facts supporting a claim of conspiracy. Nor does plaintiff allege any facts demonstrating a conspiracy in his motion to reopen or proposed second amended complaint. In addition, Plaintiff's motion for newly discovered evidence references no new evidence. It is merely a list of statements from various habeas cases.

Plaintiff's belief is not sufficient to state a claim for conspiracy. He must allege facts showing an agreement between defendant Reeve and a state actor to act in concert to inflict an unconstitutional injury on him and an overt act done in furtherance of the conspiracy that causes damages. *See Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). General allegations without a specific instance of misconduct are insufficient to state a claim for conspiracy. *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002).

The Court dismissed all claims against Defendant Strange because Plaintiff failed to include any allegations against him. The only allegation relating to defendant Strange in the amended pleadings is that Plaintiff has not been given a prison job. Inmates have no federal constitutional right to a prison job. *Gill v. Moony*, 824 F.2d 192, 194–95 (2d. Cir. 1987). Thus, Plaintiff fails to state a cognizable claim against Strange.

Plaintiff has not alleged any facts demonstrating a cognizable § 1983 claim for conspiracy against Defendant Reeve, has not clarified his claim against Defendant Boath, and has not alleged a cognizable claim against Defendant Strange. Accordingly, Plaintiff's motions to reopen [Docs. ## 7, 10] are denied and his motions for newly discovered evidence [Docs. ## 8, 11] are denied as moot. The Court concludes that any appeal of this order would not be taken in good faith.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of November, 2008.